IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00739-BNB

CLIFFORD N. WOODS,

    Applicant,

v.

PRESLEY,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 16 2008

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Clifford N. Woods, currently is held at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Woods has filed a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. As relief, he seeks compensatory and punitive damages. He also requests that he be afforded all other equitable relief to which he is entitled.

The Court must construe the Application liberally because Mr. Woods is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Woods will be ordered to file an Amended Application.

The Court has reviewed the Application and finds that it is deficient. Mr. Woods fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief.

*See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Woods' Application is prolix and confusing. It is not clear from a review of the claims whether Mr. Wood has been convicted or he is a pretrial detainee. To the extent Mr. Woods has been convicted and he is challenging the validity of his conviction and sentence, he must do so in a habeas corpus action filed pursuant to 28 U.S.C. § 2254. To the extent Mr. Woods is a pretrial detainee and is subject to untried charges, he may bring a pretrial habeas corpus action in federal court pursuant to 28 U.S.C. § 2241 to "demand enforcement of the [State's] affirmative constitutional obligation to bring him promptly to trial." ***Braden v. 30th Judicial Circuit Court***, 410 U.S. 484, 489-90 (1973). However, Mr. Woods must exhaust state remedies before he raises his habeas corpus claims in federal court. ***Montez v. McKinna***, 208 F.3d 862, 865 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state's highest court. *See **Castille v. Peoples***, 489 U.S. 346, 350-51 (1989).

Furthermore, to the extent Mr. Wood is challenging the conditions of his confinement, he must do so in a separate 42 U.S.C. § 1983 action. He may not raise civil rights claims for money damages in the instant habeas corpus action.

Although Mr. Woods has failed to comply with Fed. R. Civ. P. 8, he will be given an opportunity to file the appropriate claims on a proper Court-approved form. Because it is not clear what type of action Mr. Woods intends to file with the Court, the Clerk of the Court will be instructed to send to Mr. Woods copies of the two different Court-approved forms used in filing either a § 2241 action or a § 2254 action. Mr. Woods then may decide whether he intends to file a § 2241 action or a § 2254 action based on the instructions provided in the instant Order. Accordingly, it is

ORDERED that Mr. Woods file **within thirty days from the date of this Order** an Amended Application that complies with the Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Woods, together with a copy of this Order, two copies of each the following Court-approved forms: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Woods fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice.

DATED April 16, 2008, at Denver, Colorado.

BY THE COURT:

<u>s/ Boyd N. Boland</u>
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00739-BNB

Clifford N. Woods
Prisoner No. A00128785
El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 4-16-08

GREGORY C. LANGHAM, CLERK

By: _Angie_
    Deputy Clerk