IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00739-BNB

CLIFFORD N. WOODS,

Applicant,

v.

PAULA PRESLEY, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

---

ORDER OF DISMISSAL

---

Applicant Clifford N. Woods is a prisoner in the custody of the Colorado Department of Corrections. He currently is incarcerated at the El Paso County Criminal Justice Center in Colorado Springs, Colorado. Mr. Woods initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of the sentence he is serving as a result of his conviction in El Paso County District Court in Case No. 07-CR-243. He also raises one claim of unconstitutional conditions of confinement. In an order filed on May 9, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 21, 2008, Respondent John Suthers filed a Pre-Answer Response, and on May 27, 2008, Respondent Paul Presley filed a Pre-Answer Response and a Motion to Dismiss. Mr. Woods has replied to both of the Pre-Answer Responses.

The Court must construe liberally the Application and other pleadings filed by Mr. Woods because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Following a jury trial in Case No. 07-CR-243, Mr. Woods was found guilty on December 19, 2007, of three misdemeanor charges, including assault in the third degree, obstruction of telephone or telegraph service, and violation of a protection order. (April 30, 2008, Application at 2 and Respondent Suthers' Pre-Answer, Appendix B at 9.) Applicant was sentenced on February 25, 2008, and he filed a notice of appeal March 26, 2008. (Suther's Pre-Answer, Appendix B at 11.) Mr. Woods also asserts that he filed a Colo. R. Civ. P. 35(c) postconviction motion on September 14, 2007, which he claims he appealed to the highest state court by filing a letter with the Colorado Supreme Court on April 5, 2008. (Application at 4.) Respondents failed to address Mr. Woods' claim that he filed a Rule 35(c) postconviction motion.

In the Application, Mr. Woods asserts three claims for relief contending (1) that he was arrested without probable cause, (2) that his equal protection rights were violated, and (3) that he has been denied proper medical care. Mr. Woods asserts that he has raised Claims One and Two on appeal and that his appeal is set to proceed on June 26, 2008. (Application at 3-6.) Respondent Suthers concurs that Applicant's direct appeal is pending and contends that the record is due to the Colorado Court of

Appeals by June 26, 2008, but has not yet been filed, and that an opinion cannot be expected until Spring 2009. (Resp. Suthers' Pre-Answer at 4.)

Respondent Suthers first argues that because Mr. Woods' direct appeal is pending the one-year limitation period under 28 U.S.C. § 2244(d) has not begun to run. (Suthers' Pre-Answer at 3.) Respondent Suthers also argues, citing to 28 U.S.C. § 2254(b) and (c) and to *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997), that in order to obtain federal habeas review of an alleged unconstitutional conviction and sentence a state prisoner must first exhaust his remedies in state court. (Suthers' Pre-Answer at 3-4.) Finally, Respondent Suthers contends that the exhaustion doctrine requires that Mr. Woods must have presented his claims to the appropriate state district court, *see Evans v. Court of Common Pleas*, 959 F.2d 1227, 1230 (3d. Cir. 1992), and then have completed at least one level of the state's established appeal process, *O'Sullivan v. Boerckel*, 526 U.S. 838, 843-45 (1999). (Suthers' Pre-Answer at 4.)

Respondent Presley concurs with Respondent Suthers' Pre-Answer Response, (Respondent Presley's Pre-Answer at 1), and further contends that Claim Three is a challenge to Applicant's conditions of confinement and is more properly raised in an action brought under 42 U.S.C. § 1983. (Presley's Pre-Answer at 2.)

Applicant has filed several replies. In all of the replies, he asserts that he has exhausted his state court remedies because he filed a petition for habeas corpus with the trial court, the appellate court, and finally with the Colorado Supreme Court, all of which were denied. (May 28, 2008, Reply at 13 (unnumbered), June 3, 2008, Reply at 5 (unnumbered), and June 9, 2008, Reply at 2 (unnumbered).) Applicant also asserts

3

in the May 28, 2008, Reply and in the June 3, 2008, Reply that because his conviction was obtained in violation of the law he is able to seek relief in both the state and the federal courts and is not required to exhaust his state-court remedies prior to filing a federal habeas action in this Court. (May 28, 2008, Reply at 13 (unnumbered), and June 3, 2008, Reply at 2-3 (unnumbered).)

Mr. Woods further appears to assert that his appeal has been delayed unreasonably since his trial ended on December 19, 2007, and the record is not due to the state court of appeals until June 26, 2008. (May 28, 2008, Reply at 14 (unnumbered).)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan*, 526 U.S. 838; ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See **Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." ***Dever***, 36 F.3d at 1534.

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

4

Upon review of the Record of Proceedings in Case No. 07-CR-243, the Court finds that Applicant did not file a postconviction motion in this case. (Suthers' Pre-Answer at Appendix B.) Applicant, however, did file a postconviction motion in Case No. 05-CR-1843 on June 15, 2007, which was denied September 19, 2007. (Suthers' Pre-Answer, Appendix A at 6-7.) Even if Applicant had filed a motion on the date he gave, September 14, 2007, or any other writ of habeas corpus, such as the one filed on January 16, 2008, the motion and writ were filed either prior to December 19, 2007, the date he was convicted or prior to February 25, 2008, the date he was sentenced. Neither filing would be a direct review of the conviction or a postconviction attack.

As for Applicant's possible claim of improper delay of his direct appeal, inexcusable or inordinate delay in state court proceedings may excuse a failure to exhaust state remedies. *See Harris v. Champion*, 15 F.3d 1538, 1555 (10th Cir. 1994) (holding that inordinate delay in adjudicating a state defendant's direct criminal appeal could give rise to an independent due process violation). Mr. Woods' direct appeal has been pending in state court since March 26, 2008, when he filed a motion to proceed *in forma pauperis* on appeal and sought appointment of counsel. (Suthers' Pre-Answer, Appendix B at 11.) Since his appeal only has been pending for a little over two months, Applicant fails to allege any facts that demonstrate he has faced inexcusable or inordinate delay in pursuing his direct appeal.

The Court further notes that Claim Three more properly is raised in a 42 U.S.C. § 1983 action. The Court will refrain from construing the action as filed pursuant to § 1983 because Claim Three is deficient and is best addressed by the Court in a

separate action. Therefore, the Court will dismiss this action without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that Respondent Paula Presley's Motion to Dismiss, (Doc. No. 14), filed May 27, 2008, is denied as moot.

DATED at Denver, Colorado, this 24 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00739-BNB

Clifford N. Woods
Prisoner No. A00128785
El Paso County Det. Facility
2739 E. Las Vegas St.
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/26/8

                                        GREGORY C. LANGHAM, CLERK

                                  By:          _____
                                                     Deputy Clerk